## Case No. 8,493.

### LONSDALE v. BROWN.

[4 Wash. C. C. 86.] [1]

Circuit Court, E. D. Pennsylvania. April Term. 1821.

BILLS AND NOTES — NEW PROMISE — PAY WHEN ABLE—PROTEST—INLAND BILL—DRAWN IN ANOTHER STATE—ABILITY TO PAY—DEBT BARRED—CONSIDERATION FOR NEW PROMISE.

1. Action on a bill of exchange drawn by plaintiff in favour of defendant. Second count, on a promise of defendant in 1804 to plaintiff, that if the plaintiff would indulge him, he would pay the bill if he should be able so to do; and on averment that he was able. The protest of a bill of exchange was offered in evidence, and objected to on the ground that it was an inland and not a foreign bill, and the evidence was admitted.

[Cited in Musson v. Lake, 4 How. (45 U. S.) 285.]

[Cited in Williams v. Putnam, 14 N. H. 541; Rising Sun Ins. Co. v. Slaughter, 20 Ind. 525.]

2. In an action of assumpsit, or on the case, the defendant is not bound to plead a former recovery, and may give it in evidence.

3. As to the defendant's ability to pay, it is not necessary for the plaintiff to prove that fact

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

by positive evidence; it may be inferred from the apparent circumstances of the defendant.

4. The verdict and judgment in the former suit upon this bill, is no evidence of a want of consideration for the new promise, because that cause was decided, not upon the validity of the bill. but upon the act of limitations. A debt barred by operation of law, or by the statute of limitations, is a good consideration for a new promise.

This was an action on the case. The declaration contains a great number of counts; but the only two which it is necessary to notice are founded, 1. Upon a bill of exchange drawn by the defendant at New Orleans for $600, upon James Brown & Co. of Philadelphia, in favour of the plaintiff, in the year 1806, and 2. On a promise made by the defendant to the plaintiff in the year 1809; that if the plaintiff would indulge him he would pay the bill, if he should ever be able to do so, with an averment that he did indulge the defendant, and that he was able to pay. Plea, non assumpsit.

After proving the hand writing of the defendant, the plaintiff offered in evidence the protest made by a notary public in this city, stating, that he had presented the bill for acceptance, which was refused. This was objected to by the defendant's counsel, on the ground that this was an inland bill, which did not require to be protested; and consequently it could not be read to prove that acceptance had been demanded and refused; the protest not being an official act. Those facts, then, should be proved on oath in the ordinary way.

WASHINGTON, Circuit Justice, stated that the question, whether a bill drawn in one state upon a person in some other of the United States, is an inland, or a foreign bill, is a question of difficulty and unsettled. That he would admit the evidence, and the defendant, in case the verdict should be against him on the bill, could move for a new trial; which would put it in the power of the counsel and of the court to examine the point more deliberately.

John Dowden's deposition was read; and the witness stated that in the year 1809 he was in company with the plaintiff and defendant, when the subject of this bill was mentioned; and the defendant promised the plaintiff that if he would indulge him he would pay the bill, if he ever should be able to do so.

Mr. Davidson, another witness for the plaintiff, stated, that from the year 1816 to the period when his deposition was taken in 1819, the defendant had an open store in Philadelphia; that he bought and sold goods; and, from the extent of his business, he believed that during that period the defendant was able to pay this debt.

In answer to the plaintiff's demand on the bill of exchange, the defendant's counsel gave in evidence the record of a verdict and judgment in favour of the defendant, in an action on a bill of exchange, in all respects precisely like the present, as appeared by the declaration. [Case No. 8,492.]

Upon the other count, they relied upon the above suit brought upon the bill in 1816, to prove that the defendant's offer to pay when he was able, was not accepted; but was on the contrary rejected.

Mr. Shoemaker, for plaintiff, contended, that though there was no protest in this case for non-payment, it cannot affect the plaintiff's right, as it was protested for non-acceptance. Kyd, Bills, 120; Chit. Bills, 121, 124; 4 Johns. 144; 5 Johns. 144; Miller v. Hackley, Id. 282. As to the want of proof of notice of the protest, that was waived by the subsequent acknowledgment in 1809. Chit. Bills, 248, 249, 410; Peake, N. P. 202. As to the record of the former recovery, he contended, that it ought to have been specially pleaded; and at all events the defendant should have produced other evidence than the record to prove that that suit and the present were brought on the same bill. As to the new promise, he insisted that the promise being made to the plaintiff, and that followed up by proof of indulgence granted, and evidence being given of the ostensible circumstances of the defendant, sufficient to show his ability to pay this bill; the plaintiff had made out his case.

Mr. Chauncey, and J. R. Ingersoll, for defendant, took no exception to the want of protest for non-payment, or to the want of proof of notice. But they relied that they could give the former recovery in evidence without pleading it; and that the identity of the bill sufficiently appeared from the description given of it in the declaration in that suit, and its entire agreement with that now given in evidence. Upon the new promise, they contended that no evidence was given of its having been accepted by the plaintiff, but, on the contrary, that the suit on the bill in 1816 proved that it was rejected. That the verdict in the former suit showed that nothing was due on the bill, and consequently the new promise was totally destitute of a consideration to support it.

WASHINGTON, Circuit Justice (charging jury). Although the declaration contains a great number of counts, they all may be resolved into two grounds of action. 1. On the bill of exchange; and 2. The new promise made in 1809.

1. The only objection made by the defendant's counsel to a recovery on the bill, being a former verdict and judgment on the same bill, I shall notice no other. As to this defence, it is objected by the plaintiff's counsel, that this matter ought to have been pleaded in bar; and that at all events the defendant is bound to prove otherwise, than by the record, that the bill of exchange, on which that action was founded, was the same as the one now in controversy. There is nothing in the first objection; it being clearly settled that in actions of assumpsit, and on the case, a for-

mer recovery may be given in evidence. Burrows v. Jemino, 2 Strange, 733; 1 Saund. 92, note 2; Jones v. Scriven, S Johns. 453; Bird v. Randall, 3 Burrows, 1353; 1 Wils. 44, 175; 2 Saund. 155, note 4; 1 Show. 146. The plaintiff, nevertheless, must show that the matter in dispute in that action and this, is the same. To prove this, he has given in evidence the declaration in that case, which describes this bill precisely. This is sufficient to throw the burthen on the plaintiff to prove that another bill of the same tenor and date, for another sum of $600, was drawn by the defendant. If you are satisfied that the bill in the former case is the same with that on which this action is brought, your verdict ought to be for the defendant, on the counts on the bill of exchange. On the other counts, it is incumbent on the plaintiff to prove, to your satisfaction, the promise as laid; the acceptance of it by the defendant; performance of the condition on his part, by having granted the indulgence; and the ability of the defendant to pay this debt, at the time this suit was commenced.

As to the first of these particulars, I do not understand the defendant's counsel as controverting it. Dowden proves it fully, and there is no opposing evidence. It is objected, however, that neither Dowden, nor any other witness, has proved that the offer by the defendant, to pay when he should be able, was accepted; on the contrary, that he showed his dissent by bringing an action on the bill, in the year 1816; and the case of Craig against the same defendant, decided in this court at the October term in 1819, is strongly relied upon. But it is obvious from the slightest attention to that case, that it is totally dissimilar from the present. There, the promise was made, not to Craig himself, nor to any person authorised to represent him, and by acceptance to bind him; but to a stranger. Neither did it appear that Craig, at any time, intimated his acceptance of the offer, or that the promise was even communicated to him; on the contrary, the first step he took was to show his dissent, by bringing a suit on the bill. Upon this state of the case, the court charged the jury that the objection that the plaintiff was no party to the promise, was fatal to his recovery on the promise. The court further observed, "that if the promise was valid to bind the defendant to pay whenever he should be able, it must have been equally obligatory on the plaintiff to wait, until that event should take place. But this, clearly, was not the case. The declaration was not made to the plaintiff, nor yet to any person authorised by him to assent to it, or in any respect to bind him. It was never afterwards ratified by the plaintiff, in word or in deed. So far from it, he afforded record proof of his dissent, by instituting a suit, at least two years before it is pretended that the defendant was able to pay, and grounded it, not on the promise. but upon the original cause of action." In

this case, the promise was made to the plaintiff in person, and although the witness does not say that he accepted it in terms, yet his silence, followed up by a conduct corresponding with an assent tacitly given, was equivalent to an express assent. He did indulge the defendant for seven years, and until his remedy on the bill was completely barred by the statute of limitations. And although in the year 1816, he brought a suit on the bill of exchange, yet that, nor any other act of his, could dissolve a valid contract once made; and which existed in full force at the time that suit was brought. The two circumstances then, of acceptance and forbearance, seem to be sufficiently proved.

The last particular mentioned is, was the defendant able to pay at the time this suit was brought? Mr. Davidson states that he kept an open store in Philadelphia, bought and sold goods,· and that from the extent of his .business, he was, in the opinion of the witness, able to pay this debt from the year 1816 to the time when the deposition was taken. The objection of the defendant's counsel that the witness states nothing but his belief, is not quite correct. That he was in business, and kept an open store, are facts; and it is for you to judge from those facts of the defendant's ability to pay this debt. It is not necessary to prove, by positive evidence,· that he was able; this could seldom be done, particularly in respect to a person in trade. If you are satisfied from the apparent circumstances of the defendant, unopposed by contradictory evidence on his part. that he was able to pay, this will be sufficient.

It is again objected, that the verdict and judgment in the former suit on this bill, proves that there was no consideration for the new promise. The court cannot consent to this conclusion. In that case, the defendant pleaded the act of limitations, and the court in the charge to the jury, stated, expressly, that the plea was a complete bar to the action. The ground then of the verdict and judgment was not on account of a defect of right, but of the want of a remedy. But a debt barred by the act of limitations, or by operation of law, not affecting the right; as for example, by a certificate of bankruptcy; is nevertheless a sufficient consideration for a new promise to pay it. Indeed, it is not quite clear, that if the case had been decided on the general issue, that would show, without something more, that the bill was not justly due, since the plaintiff might have failed in his action merely for the want of proof of some matter unconnected with the reality and the honesty of the debt. No opinion, however, is intended to be given on this point. It is a sufficient answer to the objection, that that cause was decided on the ground that the action was barred by length of time. If then you are satisfied that the promise was made, was accepted, and the condition of forbearance performed by the plaintiff; and also that the defendant was able to pay this debt when this

suit was brought; then you ought to find for the plaintiff, on the counts grounded on that promise.

Verdict for the plaintiff for $1162.37.

[NOTE. The case was subsequently heard by the court upon motion in arrest of judgment and upon motion for new trial. Under the last motion the court held that the jury had erred in giving damages in their verdict. and that the plaintiff was entitled to only the amount of his bill and interest. Under this ruling the plaintiff was required to go to new trial or to release damages beyond $600 and interest. Case No. 8,494.]

